Bryan Marshall Bratt
555 Saturn BLVD STE B 849
San Diego CA 92154
bbratt@gmail.com

**FILED**
Aug 10 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ dmartinez  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bryan Marshall Bratt<br><br>  Plaintiff,<br><br>vs.<br><br>MGA Entertainment,<br>Compositions of MGA Entertainment,<br>Hotel Paradis Music,<br>Alex Geringas,<br>Jonathan Gordon,<br>Dustin Earl Brown,<br><br>  Defendants. | Case No.: '23CV1467 JO   JLB<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND REQUEST TO SEEK CONSEQUENTIAL REMEDIES. AGAINST:**<br>• **COPYRIGHTS INFRINGEMENT**<br>• **COPYRIGHTS INFRINGEMENT UNDER COMMON LAW**<br>• **MALICE**<br>• **INTENTIONAL INFLICTION OF DAMAGES**<br>• **VIOLATION OF FAIR COMPETITION** |

Comes Now, **Bryan Marshall Bratt** (Pro Se Plaintiff) hereby submits his Complaint and assertions for the kind perusal of this honorable court and seeks the assistance of this honorable court to get his remedies against Copyright Infringement against his content, songs, lyrics and related digital data:

## PARTIES

1. PLAINTIFF is male of legal age who is the copyright owner for his song (copyrighted work) entitled "I Found My Voice" which was first published on December 5, 2020 on YouTube.com. Plaintiff's copyrighted song is also registered the Work on Apple Music, Spotify, iTunes, BMI, and YouTube. It is registered in the United States Copyright Public Catalog under registration number SR0000953786. There is no question as to the fact that the plaintiff's Work was created first in time and thus has copyright protection under Copyright Act and Common Law.

2. The plaintiff is not aware of the exact addresses, names and contact details of all the defendants hence he is suing them in this Federal Court as they are offering infringing content in this state as well. MGA Entertainment is headquartered in Los Angeles, California.

3. That the plaintiff had entertainment career pursuits in the San Diego area since 2015 and he has been successfully pursued his career. His songs were recorded at Chase Bell studios in Los Angeles, right next to Silver Lake.

4. Plaintiff's success has resulted in counterfeiting and infringement. Thus he is forced to fight back. The Defendants were and/or are offering for general public usage/listening/consideration plaintiff's copyrighted work to consumers in this judicial district and throughout the United States/Internationally. At this point, the publication of infringing work online via YouTube and other online platforms is violation of Plaintiff's rights. The technology permits individuals residing on the other side of the Earth to willfully infringe on United States intellectual property rights, which has resulted in wide scale infringement causing substantial loss to United States rights holders.

5. Defendants' work/songs/content entitled "Find my Voice & Found My Voice" and which appears on YouTube.com is essentially identical to the Song/Work of the plaintiff and clearly used the Lyrics/Symphony/Tunes/Rhythm/Content/Work as its basis. Defendants' work copies the lyrics and musical style and tone of Plaintiff in a nearly exact manner to confuse the audience. Thus the plaintiff had no other option but to file instant complaint.

6. That the defendants have transformed the work in to re-publish it on their Youtube Channel without my authorization or permission. As it is held that: The

Supreme Court has observed that this factor favors secondary uses that are transformative, meaning that the use "adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message[,]" rather than merely superseding the original work. Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 21 579 (1994). Similarly, a secondary use may be transformative if it provides information about the original, "or expands its utility." Authors Guild v. Google, Inc., 804 F.3d 202, 214 (2d Cir. 2015) ("Google Books"). But in the instant case the defendants have used various ways to copy my work/content and infringed my rights by Using/Copying total concept and feel; reutilized the fundamental structure and pattern of my songs/content and their work is copied with literal and non literal similarities. The defendants re-used my exact pattern and sequence in their content which is a clear violation of Plaintiff's rights. Hence there is no other way but to file instant complaint.

7.      The defendants' violating song was published in YouTube on September 29, 2022. And they have targeted their audience in this state and by setting up their YouTube Channel offering content to the United States, including California, accepting payment in U.S. dollars, targeting audience with online campaigns, and, publication. It is a copyright infringement because it is held that displaying tiny, low-resolution "thumbnail" reproductions of art works to provide links serving as Internet pathways to the appropriate websites containing the originals are also infringements, Perfect, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1165 (9th Cir. 2007); Kelly v. Arriba Soft 16 Corp., 336 F.3d 811, 818-19 (9th Cir. 2003).

8.      The conduct and acts of the defendants has and will continue to ruing the market value the original work. That the defendants work ruins the natural derivate works that could come from the original work. Similarities compared below.
   a. I have struggled my whole life to be here now vs. all my life ive been trying, trying to be me.
      i. Being here now is version of self realization and so is being one's self.
   b. Took a long time to find out how, how hard it is to hear the silence vs. at the edge of the spotlight it is so hard not to freeze.
      i. Both are an expression of stage fright or not being in the flow of your life and performance. Both expressed through the lack of something. sound or heat.

    c. The power of a simple melody that the whole world sings along vs. I want to write a song on the page of my heart.
        i. Both an expression of wanting to write a song.
    d. I found my voice vs. I have found my voice
    e. So you can hear me when I sing/say. Vs. So you can hear me as I truly am.
        i. Both an expression of being heard as one's true self.
    f. How happy I am to hear my heart beat vs. the beat of my heart is playing so fast.
    g. Now I am living in my dreams vs. I made this dream mine.
    h. I couldn't do it alone vs I made it up on my own
    i. Both start with a 3 note ascending pattern.
    j. There is an image of two piano players in a nearly identical set up. From the youtube cover by Roman Verescshagin.
    k. The chords and chord changes happen in similar spots and in similar ways.
    l. There are many strikingly similar lyrics in similar spots in the song.

## JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., the Copyright Act 17 U.S.C. § 501, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

10. The Defendants are individuals or business entities that primarily reside in Los Angeles County of California.

11. That the Defendants purposefully availed themselves of this judicial district by primarily doing business from their headquarters in Los Angeles. Upon information and belief, Defendants have published their infringing contents/songs in this manner to residents of California, including this judicial district and do various business activities to manage their channel.

12. Personal jurisdiction is proper over Defendants because exercise thereof would not offend traditional notions of fair play or substantial justice because Defendants have purposefully availed themselves of this forum state, the cause of action arises

from Defendants' activities here, and the Defendants' actions have caused damage to the Plaintiff in the state of California.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets infringing activities/business toward audience/consumers in the United States, including California, through at least the fully interactive, YouTube Channels/Listing/Publication operating under their names. Specifically, Defendants have targeted California residents by setting up and operating YouTube Channels that target United States users/audience. Each of the Defendants is committing tortious acts in California, and has wrongfully caused Plaintiff substantial injury.

14. This Honorable Court has jurisdiction in this action pursuant to California Code and venue is proper as the cause of action took place here in California.

15. The cause of action took place in the San Diego area of California as well.

**STANDARD TO REVIEW THE PLEADINGS OF PRO SE LITIGANTS.**

16. The plaintiff is filing this complaint as a pro se litigant and it is held time and again by honorable apex courts that the pro se litigants are entitled to a lenient view of their pleadings as compared to the litigants represented by the attorneys. For the kind perusal of this honorable court some of the judgments are quoted as under:

"We are obliged to construe pro se pleadings liberally and under a "less stringent standard" than those prepared by counsel. Haines v. Kerner, 404 U.S. 519, 520-21 (1971) (per curiam); Madsen v. Boise State University, 976 F.2d 1219, 1223 (9th Cir. 1992).

However, the inartful pleadings of pro se litigants should be held to less stringent standards, particularly in civil rights actions. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)."

-5-

17.     Thus the plaintiff is entitled to a lenient standard of review by this honorable court while review his pleadings and award his remedies available to him under the law.

## BRIEF FACTS OF THE CASE:

18.     That the plaintiff is copyrights owner of his content/work/song entitled "I Found My Voice" (the "Work"). I have reserved all of my rights in the Work, which was first published on December 5, 2020 in YouTube.com. And is registered at the US Copyright office. The Copyright Act specifically protects "pictorial, graphic, and sculptural works." 17 U.S.C. § 102(a)(5) (2012).

19.     That the plaintiff has also registered his Work/content/song on Apple Music, Spotify, iTunes, BMI, and YouTube. Thus there is no question as to the fact that the plaintiff's Work/content/song was created first in time and thus he has copyright protection. As it is held that ("some works are closer to the core of intended copyright protection than others, with the consequence that fair use is more difficult to establish when the former works are copied"). The courts consider questions such as "'(1) whether the work is factual or informational, and (2) whether the work is published or unpublished, with the scope of fair use involving unpublished works being considerably narrower.'" Blanch v. Koons, 467 F.3d 244, 256 (2d Cir. 2006) (quoting Howard B. Abrams, The Law of Copyright, § 15:52 (2006)). If a work is expressive or creative, a use by another is less likely to be considered fair. See Gaylord, 595 F.3d at 1374 (citing Blanch, 467 F.3d at 257). Thus the plaintiff is entitled to seek his remedies as per the laws and regulations.

20.     That through this complaint I am before this honorable court to enforce my common law copyright rights over my song which was put in a "fixed medium" and published before defendants' works/content/songs.

21.     That the defendants' songs/work/content entitled "Find my Voice & Found My Voice" which appears on YouTube.com (https://youtu.be/U0wVEvGe8f8 & https://youtu.be/TPZB5Yyp4iA) is essentially identical to the plaintiff's Song/Work/Content and clearly used the plaintiff's content/song/work as its basis. Defendants' copies the plaintiff's lyrics and musical style and tone to confuse the audience. Thus the plaintiff is before this honorable court.

22. That the defendants are publishing the infringing content without plaintiff's permission to use as the basis for "Found My Voice". They are making or distributing copies of the infringing content without any prior permission. Therefore, I believe they have willfully infringed my rights under 17 U.S.C. Section 101 et seq. and I am entitled to receive statutory damages as high as $150,000 as set forth in Section 504(c)(2) therein. As it is held in Gaylord v. United States, 98 Fed. Cl. 389, 390, 392-93 (2011) that: the proper measure of damages is "the approach in Steve Altman Photography of employing a 'zone of reasonableness' to determine the copyright owner's actual damages."

23. That the defendants have violated my rights for the first time by publishing infringing songs on their YouTube channel on September 29, 2022 and it is still there thus renewing the limitation each day to file this lawsuit. As it is held in Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 706 (9th Cir. 2004) that: Under the "discovery rule," a copyright infringement claim accrues—and the statute of limitations begins to run—when a party discovers, or reasonably should have discovered, the alleged infringement.

24. That the plaintiff is entitled to the remedies provided in Title 17 as provided in 17 U.S.C. § 101 § 504(c)(2): "A work is "created" when it is fixed in a copy or phonorecord for the first time; where a work is prepared over a period of time, the portion of it that has been fixed at any particular time constitutes the work as of that time, and where the work has been prepared in different versions, each version constitutes a separate work. Therefore this honorable court should proceed to announce a judgment in plaintiff's favor.

25. That the plaintiff has sent a cease and desist letter to the defendants demanding them to immediately cease from the use and distribution of all of infringing works derived from my song/work/content. I forbade them from the distribution of all copies, including electronic copies, of same, and asked them to destroy such copies immediately. I warned them to desist from any future infringing work in the future. But the defendants have not listened to me or my demands thus I have filed this complaint.

26. That the plaintiff has expended significant efforts and sums in developing my content/song/lyrics/symphony and content thus I filed instant lawsuit to seek

appropriate remedies and enforce my copyrights. Because Sections 106(1) and (3) of the Copyright Act respectively grant the owner of a copyright the exclusive right to control the reproduction and the distribution of the copyrighted work.8 1 17 2 U.S.C. § 106(1) & (3).

27. As a result of defendants' consistent, continuous, and exclusive use of the Plaintiff's song/content/work has become well known across the globe and throughout the United States.

28. That the Defendants also deceive unknowing audience by using my work/song/content without authorization within the content, text, and/or meta tags of their Channels to attract various search engines crawling the Internet looking for relevant work. Thus immediate injunction is sought to stop further infringement of plaintiff's work.

29. That the defendants had access to the copyrighted work. MGA Entertainment spends significant resources on their Bratz doll line. Which can be confused with Bratt dolls, which is the last name of the plaintiff. MGA has enormous business reasons to follow the name "Bratt" on their online keyword alerts. It would be foolish to think they were blind to the popularization of the song and artist by Bryan Bratt. That their song writer Alex Geringas touts that he regularly spends time in Silver Lake. Right next to the studio where the original work was recorded and posted on Instagram at the time. It would be hard to imagine a song writer such as Alex Geringas would be blind to the happenings of his industry peers in the geographical area. That the song had an uptick from a listener in Russia at the time of invasion of Ukraine by Russia. Song writer Alex Geringas has Russian roots and potentially offers a timeline for the writing of the infringing song. The song I found my voice had nearly a half a million listeners on youtube at the time. The song had statues and billboards celebrating its release and success. The song has been covered by artists in up to nearly 20-30 different countries. Worldwide virtual choirs have covered and performed the original work.

## COUNT 1:
## WILLFUL COPYRIGHT INFRINGEMENT:

30. That the plaintiff intends to rely on each and every fact stated by him in the previous part of this complaint and submits as under:
   a. Defendants used, copied, and imitated plaintiff's original copyrighted work/song/content to develop their songs. As noted above there is substantial similarity.
   b. Defendants had access to Plaintiff's content/song/works via Youtube which is published and available to anyone with internet access. That there are a number of significant reasons to believe that defendants had access to the work.
   c. Upon information and belief, Defendants accessed Plaintiff's works directly from Youtube and copied its idea/content/concept, including the descriptions to develop the infringing work/content/songs.
   d. That the intent of those defendants was to cause deliberate loss to the plaintiff hence the plaintiff is entitled to seek the remedy from this honorable court.

## COUNT 2:
## COPYRIGHT INFRINGEMENT UNDER TITLE 17 U.S.C. § 501:

31. That the plaintiff intends to rely on each and every fact stated by him in the previous part of this complaint and submits as under:
   a. That the plaintiff owns a copyright registration for each of the Plaintiff's Works.
   b. Plaintiff's Work/Content/Song is widely disseminated via my own Youtube, social media accounts, and other digital songs platforms.
   c. That the Defendants had access to Plaintiff's Work/Content/Song.
   d. Defendants downloaded Plaintiff's Works from Youtube Channel for use in their infringement/counterfeit songs/works/content.
   e. That the Defendants have reproduced, prepared derivative songs/works of, distributed copies of, and displayed publicly works that are identical copies of, and substantially similar to, Plaintiff's Song/Work/Content.
   f. As a result of Defendants' infringement, Plaintiff has suffered monetary damages.
   g. The plaintiff is entitled to the recovery of, at its election, statutory damages, actual damages, Defendant's profits, and the costs of this action.
   h. Plaintiff is also entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502.
   i. Plaintiff is also entitled its attorneys' fees pursuant to 17 U.S.C. § 505.

## COUNT 3:

## INJURY TO PLAINTIFF AND GENERAL PUBLIC/AUDIENCE AT LARGE:

32. That the plaintiff intends to rely on each and every fact stated by him in the previous part of this complaint and submits as under:
a. Defendants' actions described above have damaged and irreparably harmed Plaintiff.
b. General Public is highly likely to be confused due to Defendant's use of infringing work and copyrighted song.
c. If allowed to continue publication of their infringing content, Defendants will further damage and injure Plaintiff's reputation and the goodwill associated with my work/songs, which is well-known to the relevant Audience/Audiences/Public as source identifiers for high-quality Content.
d. If allowed to continue publication on Youtube and other related channels/platforms, Defendants will continue to create significant likelihood of Audience/Public confusion that will irreparably harm the public and its interest in being free from confusion.
e. The plaintiff has no adequate remedy at law.
f. Defendants knew or should have known that its activities described above constitute copyright infringement, and unfair competition.
g. Defendants acted knowingly and willfully in reckless disregard of Plaintiff's rights.

## PRAYERS/SUBMISSIONS:

WHEREFORE, Plaintiff, **Bryan Marshall Bratt** demands judgment against the Defendant, favoring Plaintiff on the following grounds:

A. That the Court preliminarily and permanently enjoin and restrain Defendants, as well as their heirs, successors, assigns, officers, agents, and employees from:
    a) Manufacturing, composition, advertising, promoting, offering, distribution, publication or transferring any infringing work/content/song bearing significance with Plaintiff's Copyrighted work/song or any confusingly similar work;
    b) Reproducing, preparing derivative works of, distributing copies of, and displaying/publishing publicly the Plaintiff's Song/Content/Works; and,
    c) Aiding or assisting any other third party in subsections (a) and (b) above;

B. Entry of a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's

inherent authority, enjoining Defendants and all third parties with actual notice of an injunction issued by the Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the Publication, sale and distribution of non-genuine work/content bearing and/or using infringing/counterfeit work/songs.

C.    That the Court award Plaintiff, at its election, its actual damages, lost profits, consequential damages, exemplary damages, statutory damages, and any other damages allowable under law, including an equitable accounting;

D.    Punitive damages intended to reform or deter the Defendants, and others, from engaging in conduct like that which formed the basis of the lawsuit;

E.    That this court may very kindly announce a declaratory judgment in favor of the plaintiff that establishes his copyrights rights once and for all. Because the conduct and acts of the defendants does not come Section 107 of the Copyright Act which provides:

[T]he fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
(2) the nature of the copyrighted work;
(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
(4) the effect of the use upon the potential market for or value of the copyrighted work.

F.    That the Court award Plaintiff its costs and attorneys' fees, and; Pre-judgment and post-judgment interest

G.    That the Court award Plaintiff any other relief to which he is entitled.

H.   Any other relief which this honorable court deems appropriate after going through the complaint of the plaintiff may very graciously be granted.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and understanding.

**Submitted By:**
**Bryan Marshall Bratt**

*Bryan Bratt*

Plaintiff,

8/10/23

DATED: August 10, 2023

Exhibits:





- 12 -



