UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN MARSHALL BRATT,<br><br>                              Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT et al.,<br><br>                              Defendants. | Case No.:  23-cv-1467-RSH-VET<br><br>**ORDER DENYING MOTION TO SET ASIDE DISMISSAL AND FOR LEAVE TO AMEND**<br><br>[ECF No. 38] |

  This is the second of two substantially similar lawsuits for copyright infringement that Plaintiff, proceeding pro se, filed against Defendant MGA Entertainment, Inc., and others. Plaintiff filed his first lawsuit, *Bratt v. MGA Entertainment, Inc.*, No. 22-cv-1984-RSH-WVG (S.D. Cal.) ("*Bratt I*"), on December 14, 2022. On July 6, 2023, the Court granted Defendant's motion to dismiss for failure to state a claim and dismissed the first action without prejudice.

  Approximately two months later, on August 10, 2023, Plaintiff filed this instant lawsuit ("*Bratt II*"). ECF No. 1. On January 22, 2024, the Court granted Defendant's motion to dismiss for failure to state a claim, based on Plaintiff's failure to plausibly allege substantial similarities between the protectable elements of his work and MGA's work.

The Court dismissed the Complaint with leave to amend. ECF No. 15; *see also* ECF No. 31 (amended order).

Plaintiff filed his First Amended Complaint ("FAC") on February 16, 2024. ECF No. 16. On April 5, 2024, the Court granted Defendant's renewed motion to dismiss. ECF No. 30. The Court "conclude[d], as it did before, that Plaintiff has not plausibly alleged substantial similarities between the protectable elements of Plaintiff's work and MGA's works." *Id.* at 7. This time, the Court dismissed the FAC without leave to amend, on the grounds that "the Amended Complaint largely failed to fix the deficiencies in the Court's previous order," and indeed was "less detailed" and "less cogent" that the original complaint. *Id.* at 8.

On May 22, 2024, Plaintiff filed a motion to set aside the dismissal pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, and for leave to file a Second Amended Complaint. ECF No. 38. Defendant opposes. ECF No. 40. As set forth below, Plaintiff's motion is denied.

## I. DISCUSSION

Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; [and] (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b) "attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2851 (2d ed. 1995)).[1]

---

[1] Plaintiff also invokes Rule 59(e), which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, the case was dismissed on April 5, 2024, and so Plaintiff's Rule 59(e)

    Plaintiff contends that pursuant to Rule 60(b), the Court should set aside the dismissal and grant Plaintiff leave to file a Second Amended Complaint because "Plaintiff presents new evidence and a clearer articulation of the substantial similarities between the copyrighted works involved, demonstrating a manifest error of law in the prior dismissal." ECF No. 38 at 1.

    Plaintiff does not identify any new evidence, in the sense of newly discovered factual material. Instead, by new evidence he appears to refer to a new articulation of copying that he is prepared to provide the Court. ECF No. 38 at 9 ("The plaintiff has now detailed precise lyrical phrases and musical compositions that have been directly copied by the defendants."). Plaintiff does not provide this new articulation. Plaintiff also argues that the Court erred in dismissing his FAC for failure to plead substantial similarity, and states "this was due to an incomplete presentation of the facts regarding the specific elements copied by the defendants." *Id.* He adds, "[g]iven the new evidence and clearer articulation of the points of similarity, a reevaluation of the substantial similarity between the works is warranted." *Id.*

    The Court declines to grant Plaintiff's Rule 60(b) motion. Plaintiff has not come forward with "newly discovered evidence," or established that the dismissal was the product of "mistake." The Court also declines to grant Plaintiff leave to file an amended complaint. In the Court's order of April 5, 2024, the Court determined that Plaintiff was not entitled to leave to amend. The case has been closed. Additionally, Plaintiff has not shown that a Second Amended Complaint would cure the deficiencies identified by the Court in its previous orders.

///
///
///

---

motion would be untimely. The Court considers Plaintiff's motion within the framework of Rule 60(b).

## II. CONCLUSION

For the foregoing reasons, Plaintiff's motion to set aside dismissal and for leave to amend is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 25, 2024

_____
Hon. Robert S. Huie
United States District Judge